Ruffin, J.
 

 Resides the bill of exceptions, signed by the Judge who presided at the trial, there is, appended to the transcript, a paper, purporting to be exceptions, signed by the counsel for the defendant, and therein alleged to have been taken by them on the trial. The Court can take no notice of them on this proceeding, because they have not the sanction of the Judge ; which, alone, can certify to this Court the proceedings on the trial, including the evidence given, the instructions prayed for, and those refused, or given. It would lead to endless contradiction and confusion if the parties, or counsel could, independently of the Judge, frame cases to suit themselves. Hence, the statute provides that exceptions shall constitute part of the record, and requires them to be signed by the Judge. In this case, the point, happens,
 
 *391
 
 however, not to be material, as the points appearing by the statement of the counsel to have been raised by them, are substantially the same as those to which his Honor affixed his hand.
 

 It is clear that the defendant was not entitled to vote for Governor in the county of Greene, as he resided in Pitt. For, by the amended Constitution, Article 2, ch. 1, the Governor is to be chosen at the times and places for the election of members of the General Assembly, and by the persons “qualified to vote for the members of the House of Commons,” and. by the 8th section of the Constitution, one is entitled to vote for members of the House of Commons only for the county in which he resides at the day of election.
 

 Upon the points of evidence and the instructions given to tiie jury, the case is substantially the same as
 
 Boyettes
 
 case, 10 Ire. Rep. 336, and must be governed by it. The defendant voluntarily gave an illegal vote, and, necessarily, the unlawful purpose attaches
 
 jyrvma faeie
 
 to the act. It is neither a justification, nor excuse for such an act, that other persons advised the party that it was lawful, and much less, that other persons thought and believed it to bo lawful. Here, the judges of the election, it seems, were under the erroneous impression that the defendant had a right to vote for Governor, notwithstanding his residence in another county. It is going far enough to say, that, if the point had been made before the judges, and a full statement of facts laid before them, their formal decision in his favor would protect the defendant, as the determination of a tribunal, constituted by the law, to give a judgment on that question. Put it is impossible to attribute to the opinion of the persons, who happened to be the judges, an influence on the mind of the defendant, which would take away the criminality of an unlawful act, when that opinion was not only not officially declared, but was in no way communicated to the defendant. He acted on his own mistaken, or wilfully erroneous judgment, and must abide the consequences. Such a rule is an indispensable
 
 *392
 
 guard to the purity of the ballot box, upon which the value and stability of our political institutions chiefly depend.
 

 There is no error in the record.
 

 PisR CuRiam, Judgment affirmed.